```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                          :
                                                :       Chapter 11
QUEEN ELIZABETH REALTY CORP.                    :
                                                :       Case No. 13-12335 (SMB)
                        Debtor.                 :
---------------------------------------------------------------X
MARGARET WU,                                    :
                                                :
                        Plaintiff,              :
                                                :       Adv. Proc. No. 13-01495 (SMB)
PHILLIP WU,                                     :
                                                :
                        Defendant.              :
---------------------------------------------------------------X
DEAN K. FONG AS RECEIVER OF THE                 :
PROPERTY OF PHILLIP WU,                         :
                                                :
                        Plaintiff,              :
                                                :       Adv. Proc. No. 13-01496 (SMB)
HONG KONG SUPERMARKET, INC., et al.,            :
                                                :
                        Defendants.             :
---------------------------------------------------------------X
```

## MEMORANDUM DECISION REMANDING
## ADVERSARY PROCEEDINGS

**A P P E A R A N C E S:**

DELBELLO DONNELLAN WEINGARTEN WISE
  & WIDERKEHR, LLP
*Attorneys for Queen Elizabeth Realty Corp.*
One North Lexington Avenue
White Plains, New York 10601

    James B. Glucksman, Esq.
    Jonathan S. Pasternak, Esq.
       Of Counsel

MORRISON TENENBAUM PLLC
*Attorneys for Margaret Wu*
87 Walker Street, Floor 2
New York, New York 10013

    Lawrence Morrison, Esq.

    Of Counsel

BRYAN CAVE
*Attorneys for Dean K. Fong as Receiver*
 *of the Property of Phillip Wu*
1290 Avenue of the Americas
New York, New York 10104

    Thomas J. Schell, Esq.
    Stephanie Wickouski, Esq.
      Of Counsel

HUGH H. MO, P.C.
*Attorneys for Hong Kong Supermarket, Inc.*
 *and Hong Kong Supermarket of Hester*
 *Street Corp. d/b/a/ Hong Kong Supermarket*
225 Broadway, Suite 2702
New York, New York 10007

    Franklin K. Chiu, Esq.
      Of Counsel

ATHONY A. CAPETOLA
*Attorneys for Phillip Wu*
Two Hillside Avenue, Building C
Williston Park, New York 11596

    Danielle J. Seid, Esq.
      Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

   The debtor removed all or part of the above-captioned adversary proceedings to this Court. Though not a party to those actions, the debtor claims that as a party in interest, it can remove them. The Court issued an order directing the debtor to show cause why the removed proceedings should not be remanded. Having heard from the parties in interest, the Court now concludes that it lacks subject matter jurisdiction over the adversary proceedings and must remand them to state court.

## BACKGROUND

Margaret Wu ("Margaret") commenced a divorce action against Phillip Wu ("Phillip") in New York State Supreme Court in 2009. Among his assets, Philip owns one-third of the shares of Queen Elizabeth Realty Corp. ("QERC" or the "Debtor"); his brothers, Jeffrey and Lewis, own the remaining interests. (*Declaration of Jeffrey Wu Pursuant to Local Bankruptcy Rule 1007-2,* dated July 23, 2013, at ¶ 5(ECF Doc. # 6.) [1] QERC owns real property at 157 Hester Street in Manhattan (the "Property"), and had leased this property to New Enterprise Realty, LLC ("New Enterprise"), an entity controlled by Jeffrey. (*Declaration of Dean K. Fong in Support of (i) Motion to Dismiss or Suspend the Bankruptcy Case, or in the Alternative, for Relief under Section 543(c) and (d) of the Bankruptcy Code from Turnover of Property; and (ii) Motion to Dismiss the Adversary Proceeding*, dated Sept. 18, 2013 ("*Fong Declaration*"), ¶¶ 6, 9 (ECF Doc. # 34).) New Enterprise subleased the Property to Hong Kong Supermarket, Inc. ("HKS") (also owned by Jeffrey) and Salon de Tops, Inc. (*Id.* at ¶¶ 8-9.)

During the course of the matrimonial litigation, the state court entered an order (the "Receiver Order") appointing Dean K. Fong as the Receiver of all of the assets and property of Phillip. (*Supplement of Queen Elizabeth Realty Corp. to: (1) Opposition to Motions of Margaret Wu and Receiver to Motion to Dismiss Chapter 11 Case; (2) Opposition to Motion of Receiver to Dismiss Adversary Proceeding; and (3) Response to Court's Order to Show Cause Regarding Removal of State Court Proceedings*, dated Sept. 18, 2013, Ex. 3, at pp. 58-60 of 105 (Case No. 13-01495; ECF Doc. # 7); *id.*, Ex. 3, at p. 61 of 105.)[2] The Receiver Order is ambiguous, but can

---

[1] "ECF Doc." refers to the docket in the bankruptcy case.

[2] Margaret was also appointed to act as receiver, but the Receiver Order was amended to make Fong the sole Receiver.

3

be read to authorize the Receiver to take control of the Debtor's property even though the Debtor was not a party to the matrimonial dispute.

Whatever the ambiguity, the Receiver took control of the Property, and the state court has issued an order to show cause why the Receiver should not immediately sell the real estate holdings of the Debtor. (*Response of Queen Elizabeth Realty Corp. to Court's Order to Show Cause Regarding Removal of State Court Proceedings*, dated Oct. 25, 2013, at Ex. 3 (pp. 37-39 of 91 (Adv. Proc. # 13-01495 ECF Doc. # 6).) While the Receiver exercised control of the Property, New Enterprise and Salon de Tops, Inc. stipulated to pay rent to the Receiver, (*Fong Declaration*, Ex. 7), and the Receiver thereafter caused the marshal to evict New Enterprise for failure to pay rent. (*Id.*, Ex. 10.) The Receiver brought a holdover action against HKS (the "Eviction Proceeding"), (*id.* at ¶ 33), HKS stipulated in state court to pay $25,000 in rent to the Receiver, (*id.*, Ex. 13), the Receiver eventually recovered a $3,256,000.00 judgment and a judgment of possession against HKS, (*id.*, Ex. 15), and subsequently obtained the issuance of a warrant of eviction on June 28, 2013. (*Id.*, dated June 28, 2013, Ex. 15 (ECF Doc. # 34, Part 15).)

Before the warrant of eviction could be executed, the Debtor filed a voluntary chapter 11 petition on July, 17, 2013. The commencement of the case automatically stayed the Eviction Proceeding as well as any efforts by the Receiver to interfere with property of the estate. In addition, to the extent the Receiver Order appointed Fong as Receiver of the Debtor's assets, the filing of the petition also triggered his compliance with the requirements of 11 U.S.C. § 543.

Margaret and the Receiver separately moved to dismiss the bankruptcy case. (*Motion by Receiver Dean K. Fong, Esq. (i) to Dismiss or Suspend the Bankruptcy Case, or in the*

4

*Alternative, (ii) for Relief under Section 543(c) and (d) of the Bankruptcy Code from Turnover of Property*, dated Sept. 18, 2013 ("*Receiver's MTD*") (ECF Doc. # 26); *Motion to Dismiss Bankruptcy Case*, dated Aug. 8, 2013 ("*Margaret's MTD*") (ECF Doc. # 12).) The Receiver sought alternative relief under Bankruptcy Code § 543(d) requesting that he be excused from the requirement to turn over property of the estate to the debtor-in-possession and file an accounting. (*Receiver's MTD*, at ¶¶ 84-85.) The Debtor naturally opposed the motions, but in an unusual twist upon the typical single asset real estate case, the Debtor's mortgagee Shanghai Commercial Bank Ltd. also opposed the motions, wishing instead to see the bankruptcy continue and the receivership end. (*Opposition of Shanghai Commercial Bank Ltd., New York Branch to (I) Margaret Wu's Motion to Dismiss the Bankruptcy Case and (II) Receiver's Motion to Dismiss or Suspend the Bankruptcy Case, or in the Alternative, for Relief Under Section 543(c) and (d) of the Bankruptcy Code from Turnover of Property*, dated Oct. 24, 2013 (ECF Doc. # 38).) After hearing oral argument, the Court denied Margaret's and the Receiver's motions from the bench, and directed the Receiver to comply with the requirements of 11 U.S.C. § 543. (*Transcript of hearing held on Oct. 31, 2013*, filed Nov. 3, 2013 ("Tr. 10/31"), at 46:11-56:20 (ECF Doc. # 49).)

The Court subsequently entered an order consistent with the bench decision. (*Order Denying Motions of Margaret Wu and Dean K. Fong as Receiver for Entry of Order (I) Dismissing the Case Pursuant to 11 U.S.C. § 1112(b), or (II) in the Alternative, Abstaining Pursuant to 11 U.S.C. § 305; or (III) Excusing Receiver's Compliance with 11 U.S.C. §543*, dated Nov. 25, 2013 (ECF Doc. # 52).) Among other things, the order directed the Receiver to refrain from using the rental proceeds from the Property or selling the Property, prosecuting the Eviction Proceeding or collecting the money judgment against HKS. It also enjoined Margaret

from prosecuting the order to show cause to sell the Property. The order did not otherwise affect the matrimonial action or the receivership of Philip's property.[3]

**The Removed Proceedings**

The current motion was brought on by the Debtor's removal of the two pending state court proceedings pursuant to 28 U.S.C. § 1452. On July 17, 2013, the Debtor removed the entire Eviction Proceeding to the District Court. (ECF Doc. # 22, Part 3.) On August 1, 2013, the Debtor removed those claims in the matrimonial action "under which Plaintiff seeks directly to function on and liquidate property of QERC's estate," (ECF Doc. # 21, Part 3 at ¶ 6), namely:

> (i) the disposition of property of the estate; (ii) determination of claims against property of the Estate and counterclaims against those parties; (iii) the ability of QERC to use its property; (iv) confirmability of any Plan submitted by QERC; and (v) the ability of QERC to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

(ECF Doc. # 21, Part 3 at ¶ 12.) The District Court referred both adversary proceedings to this Court on September 6, 2013. (ECF Doc. # 21, Part 3.) Observing that the Debtor was not a party to either removed proceeding, the Court issued an order from the bench directing the Debtor to show cause why the two proceedings should not be remanded to state court.

---

[3] Philip filed a chapter 13 petition in the Eastern District of Pennsylvania on August 5, 2013. Thus, notwithstanding the terms of this Court's order, his personal bankruptcy subjected the Receiver to the requirements of 11 U.S.C. § 543 regarding Philip's own property.

## DISCUSSION

Section 1452(a) of the Judicial Code governs the removal of bankruptcy proceedings. It states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). In addition, 28 U.S.C. § 1441(a), the general removal statute. permits a defendant to remove a civil action.[4] Although § 1452(a) limits the removal rights to a "party," and § 1441 further limits that right to a "defendant," the Debtor contends that as a party in interest in the chapter 11 case, *see* 11 U.S.C. § 1109(b), it had the authority to remove the Eviction Proceeding and certain estate-related claims pending in the matrimonial action.

We begin with the well-settled rule that the starting point for the interpretation of any statute is the plain language of the statute itself. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). If the statute's language is plain, the analysis ends unless its literal application produces an absurd result. *Id.* at 242 ("The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." (quoting *Griffin v. Oceanic Contractors,*

---

[4] Section 1441(a) states:

(a) Generally.— Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The Debtors did not rely on § 1441(a), but § 1441(a) also applies in bankruptcy cases. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995) ("There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy.").

7

*Inc.*, 458 U.S. 564, 571 (1982)) (internal quotation marks omitted)); *accord Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000).

Only a "party" may remove a proceeding under § 1452(a). The term "party" as used in the statute is unambiguous, and refers to someone named in the complaint, *Official Unsecured Creditors' Comm. of Hearthside Baking Co. v. Cohen* (*In re Hearthside Baking Co.*), 391 B.R. 807 (Bankr. N.D. Ill. 2008), and if a defendant, served with process. *Hayim v. Goetz* (*In re SOL, LLC*), 419 B.R. 498, 503 (Bankr. S.D. Fla. 2009) ("Since the Trustee admits that the Debtor was never served with process in the State Court Action, the Debtor never officially became a party to that action, and thus, its attempted removal is a nullity."); *see Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (naming and serving a defendant is "vital" to its becoming a party). Consequently, someone who is not a party to the state court action cannot remove it under 28 U.S.C. § 1452(a), and the removal by a non-party does not vest the federal court with subject matter jurisdiction. *Whitney Lane Holdings, LLC v. Don Realty, LLC*, No. 08-cv-775 (GKS/RFT), 2010 WL 1257879, at *2 (N.D.N.Y. Mar. 26, 2010) ("The weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party." (quoting *Juliano v. Citigroup*, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009)) (internal quotation marks omitted)); *Pereira v. Dunnington* (*In re 47-49 Charles St., Inc.*), 211 B.R. 5, 6 (S.D.N.Y. 1997) (Chin, J.) ("Fischer is not a party to any of the landlord tenant actions and, in fact, his motions to intervene in those actions were denied. Accordingly, he cannot remove the actions in his own name."); *see JRA Holding, Inc. v. McCleary*, No. 95-7702, 1996 WL 80692, at *1 (2d. Cir. Feb 20, 1996) (unpublished opinion) ("[R]emoval [under 28 U.S.C. §§ 1441(a) and 1446(a)] was improvident and without jurisdiction [because] Hidalgo was not a party to the action she sought to remove."); *Am. Home Assurance*

8

*Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999) ("[A] non-party—even one that, like Nabisco, claims to be a real party in interest—has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'").

It is true that some decisions have read the term "party" in § 1452(a) more broadly to include a non-party who is the real party in interest in the litigation. *See Burns v. Grupo Mexico S.A. de C.V.*, No. 07 Civ. 3496(WHP), 2007 WL 4046762 (S.D.N.Y. Nov. 16, 2007) (collecting cases). Removal statutes, however, are narrowly construed to restrict federal court jurisdiction and preserve the independence of state governments, and any doubts are resolved against removability. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *California v. Atlantic Richfield Co.* (*In re Methyl Tertiary Butyl ("MTBE") Prods. Liab. Litig.*), 488 F.3d 112, 124 (2d Cir. 2007); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Am. Home*, 70 F. Supp. 2d at 299 n.4 (collecting cases). Accordingly, the Court concludes that the term "party" as used in 28 U.S.C. § 1452(a) should be given its ordinary meaning and preclude non-parties from removing state court proceedings.

The above-captioned adversary proceedings are, therefore, remanded. This conclusion does not affect the restraints imposed on the Receiver and Margaret under the Court's November

9

25, 2013 order, or grant relief from the stay to interfere with or exercise control over property of the estate.

Settle order on notice.

Dated: New York, New York
November 27, 2013

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge